UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CORRINA MARKLEY,<br><br>               Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>               Defendant. | CASE NO. 3:17-CV-05975-JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Consent to Proceed before a United States Magistrate Judge, Dkt. 3). This matter has been fully briefed. *See* Dkt. 8, 9, 10.

      After considering and reviewing the record, the Court concludes that the Administrative Law Judge ("ALJ") erred by giving significant weight to the June 10, 2015 opinion of Dr. Patamia, but ignoring portions of that opinion that plaintiff was

unable to sustain full-time work. As the ultimate disability decision may have changed, the ALJ's error is not harmless.

This matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order. The ALJ erred by failing to consider significant probative evidence from treating physician Dr. Patamia's June 10, 2015 opinion that plaintiff would be unable to work full-time, 40-hours per week in an office setting. This error affected the entire proceedings. Therefore, plaintiff will be able to present new evidence and new testimony on remand, and the ALJ must re-evaluate all of the medical evidence, the RFC, and the findings at steps four and five, if necessary.

## BACKGROUND

Plaintiff, CORRINA MARKLEY, was born in 1964 and was 50 years old on the alleged date of disability onset of June 16, 2014. *See* AR. 150-51. Plaintiff has a Master's Degree in Business Administration and has some paralegal training. AR. 47. Plaintiff has work history as a compliance analyst/management analyst and legal assistant. AR. 47, 51-53, 63. She left her last job because of an alleged hostile work environment. AR. 48-51.

According to the ALJ, plaintiff has at least the severe impairments of "major depressive disorder (MDD) in partial remission versus adjustment disorder with anxiety and depression, post-traumatic stress disorder (PTSD), and fibromyalgia (20 CFR 404.1520(c))." AR. 22.

At the time of the hearing, plaintiff was living with her husband and two daughters. AR. 45.

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration. *See* AR. 72-83, 85-96. Plaintiff's requested hearing was held before ALJ Joanne E. Dantonio ("the ALJ") on June 27, 2016. *See* AR. 40-70. On September 29, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 17-39.

In plaintiff's Opening Brief, plaintiff raises the following issue: whether the ALJ erred in rejecting the medical opinions of Thomas Patamia M.D. and Loren W. McCollom Ph.D. *See* Dkt. 8 at 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) Whether the ALJ erred in rejecting the medical opinions of Thomas Patamia M.D. and Loren W. McCollom Ph.D.

Plaintiff challenges the weight assigned to the opinions of Drs. McCollom and Patamia. Dkt. 8. Plaintiff contends that the ALJ improperly evaluated Dr. Patamia's opinions and failed to discuss or address the entirety of two medical opinions dated June 10, 2015 and February 1, 2016. Dkt. 8 at 4-6.

The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

Between 2015 and 2016, treating psychiatrist, Dr. Patamia provided numerous opinions related to plaintiff's impairments and her ability to work. *See* AR. 332-755. On June 10, 2015, Dr. Patamia completed a questionnaire detailing plaintiff's conditions and limitations. AR. 722-726. Dr. Patamia opined that plaintiff's impairments were long-term (lasting more than six months) and affected her thinking, sleeping, concentrating, and interacting with others. AR. 724. Dr. Patamia opined that plaintiff cannot perform the essential functions of her job. AR. 725.

In response to the question, "please list the essential functions (*see complete list on the enclosed Job Analysis*) that Ms. Markley is unable to perform due to her medical impairments(s):" Dr. Patamia responded, "Full-time[;] training managers[;] collaborate with personnel[;] administer meetings." AR. 725 (emphasis original). The enclosed Job Analysis listed full-time work, 40 hours per week in an office setting as the first essential function of plaintiff's job as a business unit analyst. AR. 725. In response to the question,

"[p]lease describe, in your professional opinion, all medical restrictions needed for Ms. Markley[,]" Dr. Patamia stated, "[l]ow stimulation environment[,] [s]upportive management style (non-authoritarian, non-confrontational)." AR 726.

The ALJ assigned significant weight to Dr. Patamia's June 10, 2015 opinion. AR. 32-33. The ALJ stated it was incorporating Dr. Patamia's opined limitations into the RFC. AR. 33. The ALJ stated "the only real limitations he provided were a low stimulation environment and a supportive-non authoritarian management-style." AR. 33. The ALJ noted that the RFC incorporated these limitations by limiting plaintiff to simple, routine tasks, which would provide for a low stimulation environment, and that plaintiff can have less than occasional contact with supervisors which means she would not be negatively affected even if she did not like their supervisory style. AR. 33.

However, the ALJ did not discuss Dr. Patamia's opinion that plaintiff would be unable to work full-time, 40-hours per week in an office setting, AR. 725, and provided no reason to reject this portion of the opinion. An ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571. Here, the indication from Dr. Patamia that plaintiff was unable to work full-time was significant probative evidence that the ALJ erred in failing to discuss. *See* AR. 32-33, 725; SSR 96-8p (requires the ALJ to assess the RFC in an ongoing 40-hour workweek setting).

Defendant does not directly respond to plaintiff's argument, and instead, argues that Dr. Patamia's indication that plaintiff was unable to do full-time work is internally inconsistent. Dkt. 9 at 7. However, the ALJ did not state that she was rejecting Dr. Patamia's June 10, 2015 opinion on this basis. AR. 32-33. The Court may draw reasonable inferences from the ALJ's opinion, but cannot consider defendant's *post hoc* rationalizations about what the ALJ considered. *See Magallanes v. Bowen,* 881 F.2d 747, 775 (9th Cir. 1989). According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (citing *Chenery Corp,* 332 U.S. at 196).

Because the Commissioner "may not reject 'significant probative evidence' without explanation," and the ALJ failed to provide a specific and legitimate reason for the failure to credit the entirety of Dr. Patamia's June 10, 2015 opinion, the Court concludes that the ALJ erred. *See Flores*, 49 F.3d at 570-71; *Provencio v. Astrue*, 2012 WL 2344072, *9 (D. Ariz., June 20, 2012) (finding the ALJ erred by giving "great weight" to a consultative examiner's opinion, yet ignoring parts of the opinion). The Court also concludes that the error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56).

Here, the ALJ failed to fully credit the June 10, 2015 opinion from Dr. Patamia that plaintiff would be unable to work full-time because of her impairments. AR. 725. Fully crediting this opinion likely would lead to a different RFC determination, if not to a finding of disability. Therefore, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting [Dr. Patamia's June 10, 2015 opinion], could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56).

Plaintiff also challenges the weight assigned to Dr. Patamia's other opinions between 2015 and 2016 and Dr. McCollom's April 28, 2015 opinion. Dkt. 8. Because the ALJ's decision may change, in terms of the entire decision and the ALJ's assessment of Dr. Patamia's remaining opinions, if she considers and gives weight to the entirety of Dr. Patamia's June 10, 2015 opinion that she failed to discuss, the ALJ must reconsider all of the medical evidence on remand. Plaintiff will also be able to present new evidence and

new testimony on remand. *See* Program Operations Manual System (POMS), GN 03106.036 *Court Remand Orders*, https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited September 12, 2018) ("[A] court order vacating the [ALJ's] prior decision and remanding the case to the Commissioner voids the prior decision ... and thus returns the case to the status of a claim "pending" before SSA….The ALJ processes the case in the same way as a regular hearing and issues a decision."); *see also Bartlett v. Berryhill*, 2017 WL 2464117, at *4 (W.D. Wash. June 7, 2017).

(2) Remand instructions

Plaintiff requests that this case be remanded for further proceedings, and does not seek an award of benefits. Dkt. 8. On remand, the ALJ is instructed to (1) reconsider all of the medical and non-medical evidence and (2) re-evaluate plaintiff's RFC and findings at steps four and five, if necessary.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 25th day of September, 2018.

J. Richard Creatura
United States Magistrate Judge